UTICA,
August, 1829.

Osborn
v.
Moncure.

OSBORN *vs.* MONCURE and ROBINSON.

An action brought against the maker of a promissory note on the third day of grace is prematurely brought, and advantage may be taken of the error on the trial by non-suiting the plaintiff.

The maker has the whole of the third day of grace in which to make payment; though it seems that notice to the endorser on the third day of grace after demand and default of payment by the maker, would be good.

THIS was an action of assumpsit, tried at the New-York circuit, in June, 1828, before the Hon, OGDEN EDWARDS, one of the circuit judges.

The suit was by the plaintiff, as payee against the defendants, as makers of a promissory note. On the third day of grace payment was demanded at the counting house of the defendants, of a clerk therein, (the defendants not being present,) who said the note would not be paid. The defendants had stopped payment a few days before. The plaintiff had a *capias* issued, upon which the defendants were arrested previous to three o'clock P. M. of the third day of grace. The note having been proved, and these facts appearing, the defendants' counsel moved for a nonsuit, on the ground that the action was prematurely brought. The judge refused to grant the motion, and a verdict was rendered for the plaintiff. The defendants excepted to the opinion of the judge, and now moved to set aside the verdict.

*D. P. Hall,* for defendants. A promissory note payable to order, and negotiable by the statute, is entitled to *days of grace,* (6 T. R. 123; 8 Cowen, 203;) and a maker of such note, which has not been negotiated, but remains in the hands of the original payee, the whole of the last day of grace within which to make payment. (2 Cowen, 766, 736. 4 T. R. 148. Chitty on Bills, 365, 401, 420.) The fact of the suit having been brought prematurely not appearing on the face of the declaration, and it being shewn on the trial, the defendant may then take advantage of it by moving for a nonsuit. (8 Cowen, 203. Archb. 285. Chitty, 443.)

*R. M. Blatchford,* for plaintiff. A demand having been regularly made, and the note dishonored, the plaintiff had a right immediately to bring his suit. Such is considered the law in England. The contract of the maker of a note is, to pay *on demand on the appointed day :* and payment not be-

ing made on such demand, the contract is broken, and the holder may treat the note as dishonored. (Chitty on Bills, 285.) After the dishonor of a note, why should the holder wait until the next day to commence his suit ? A notice to an endorser of demand and refusal on the third day of grace has been holden good. (1 Johns. Cas. 328.) If an endorser may be sued on the third day of grace, why not the maker? In Massachusetts, an action was considered well brought against the maker on the third day of grace, after demand and refusal to pay. (1 Pickering, 401.)

*Hall*, in reply. The court in Massachusetts, in 2 Pick. ering, 123, retract much of what was said in 1 Pick. 401.

*By the Court*, SUTHERLAND, J. The only question in this case is, whether the suit was prematurely commenced. It is admitted that the writ was served before three o'clock P. M. of the the third day of grace, payment having previously been regularly demanded and refused ; the defendants having failed some days before. It is not denied that the maker is entitled to the days of grace. (2 Cowen, 766. 8 Cowen, 265, and the cases there cited. Chitty on Bills, 420, 1.)

Notice to the endorser *on* the third day of grace, after a demand upon the maker and his default of payment, is good although it need not be given until the following day. It being earlier than is required, cannot form any objection on the part of the endorser. (1 Johns. C. 328. Chitty on Bills, 365. 3 Campb. 193.) The demand upon the maker should be made on the third day of grace, and within a reasonable time before the expiration of the day, (2 Caines, 244 ; 12 Johns. R. 424;) and if he then refuses payment, the holder has done all that is incumbent upon him to do, and may treat it as a dishonored bill, so far as immediately to give notice to the endorser ; but still I apprehend the maker has the whole of the day to pay in, if he thinks proper to seek the holder. It is undoubtedly true in relation to other contracts, that the party has until the last instant of the day to make payment ; and I perceive no reason for making negotiable paper an exception to the general rule. (3 Bos. & Pul. 602. 4 T. R. 170. Chitty on Bills,

365, notes.)    Mr. Chitty seems to think the rule is differently settled.

The cases of *Crygier* v. *Long*, (1 Johns Cas. 393,) and *Lawrence* v. *Bowne*, (2 Johns. 225,) seem to decide, that after appearance and pleading in chief, a defendant cannot object, the suit being upon a note, that it was commenced before the note was due ; and it is there said that he should apply to the court to be discharged from the arrest.    But, upon general principles, I do not see how a defendant can be deprived of the benefit of such a defence upon the trial.    The plaintiff, under the plea of non-assumpsit, is bound to shew a good cause of action *at the time of the commencement of the suit*, and the defendant may give in evidence any thing which shews that the plaintiff had not such cause of action at that time. (1 Phil. Ev. 131.)    It is well settled that the issuing of the *capias* is the commencement of the suit, and the plaintiff's cause of action must exist at that time.    (3 Johns. Cas. 149. 1 Caines, 69, 72.    3 id. 133.    2 Johns. R. 346.    3 id. 42.    10 id. 119, and 8 Cowen, 205, where the cases are collected.) Mr. Chitty, (1 Chitty's Pl. 443,) says, that where a suit is prematurely brought, it is ground of demurrer or nonsuit. This appears to me to be the true rule.    I am therefore of opinion that the judge ought to have nonsuited the plaintiff.

New  trial  granted.