## McLain & Badgett vs. Carson's Ex'r.

In England, upon the death of one partner, a joint creditor could not proceed against his separate estate; the joint debt was extinguished; and the creditor's right of action is against the survivor. At law, this is well settled; but, in equity, there is a conflict of authority.

In equity, the creditor is permitted to have satisfaction of his debt out of the estate of the deceased partner, through the medium of subsisting equities between the parties themselves.

The general rule is, that if, upon the decease of a partner, the creditor's contract is to be treated as several as well as joint, in respect to the firm, then he will be entitled to receive satisfaction in equity, immediately out of the estate of the deceased partner, and to take his portion, by the same gradation with separate creditors.

Under our laws, a joint contract, as understood in England, has no existence.

Here, a partnership debt is a several as well as joint contract; and a partnership creditor may proceed immediately, at law, against the estate of a deceased partner, and be paid at the same time with separate creditors.

The old debt against the firm, is separate, as well as joint; the death of one partner cannot extinguish the separate demand against his estate.

That contingency leaves this right in full operation; the estate of the deceased partner, is separately bound for the debt.

This was an appeal from the Probate Court of Lafayette county, tried in September, 1841, in the Lafayette Circuit Court, before the Hon. William Conway B., one of the Circuit Judges. The firm of Sarah Percifull & Co., composed of Samuel P. Carson and Sarah Percifull, purchased a quantity of articles of McLain & Badgett. Some time afterwards, Carson died, and McLain & Badgett exhibited their account against Sarah Percifull, duly authenticated, to his executor, Robert Hamilton, for allowance. He having refused to allow the account, McLain & Badgett presented it to the Probate Court of Lafayette county, where it was allowed, and directed to be paid in "Class four." The executor appealed to the Circuit Court of Lafayette, and that Court having reversed the judgment of the Probate Court, McLain & Badgett brought up the case by appeal to this Court.

There was no controversy as to the facts; and the appellants' right to an allowance was made, by express agreement, on the record, to depend upon the decision of the legal question, whether payment could be coerced from the estate of Carson, in the hands of the executor, without resort first being had, and proceedings taken, against

the partnership funds, if any, in the hands of the surviving partner, Sarah Percifull.

*Trapnall & Cocke,* for the appellants.

In England, a partnership contract, at law, is regarded as a joint contract. Upon the death of a partner, the joint creditor cannot proceed against his separate estate, because the principle applicable to all such contracts is, that, by the death of the joint contractor, the joint contract, as to him, becomes extinguished, and the creditor can maintain an action against the surviving joint contractors only. 1 *Chitty's Pl.* *Collyer on Part.* 337.

But, although all the authorities concur in regarding a partnership contract as joint at law, yet, in equity, there are conflicting decisions. Some eminent Chancellors have maintained, that the form of the legal contract is the same in law and in equity, and that the consequences would be the same in both courts, were it not for another principle, of which a court of equity sometimes avails itself, which is, " that, with certain limitations, a creditor will be permitted to receive satisfaction of his debt, out of the estate of his deceased partner, through the medium of the equities subsisting between the partners themselves."

The leading cases on this side are, *Gray vs. Chiswell,* 9 *Ves.* 118. *Ex Parte Kendall,* 17 *Ves.* 519. *Jacomb vs. Hartwood,* 2 *Ves.* 265. By other learned Judges, the partnership contract is treated in equity as joint and several; and this is the view of it taken by Sir WILLIAM GRANT, in *Devaynes vs. Noble,* 1 *Mer.* 529; afterwards, upon appeal, affirmed by Lord BROUGHAM. See *Sumner vs. Powell,* 2 *Mer.* 37. *Collyer on Part.* 338.

Under our Revised Code, there can exist in this State no such thing as a joint contract, in the sense in which it is used in the English law. " All joint debts or obligations shall survive against the heirs, executors, and administrators of such joint debtor or obligor as may die before the discharge of any such joint debt or obligation." *Rev. St. sec.* 1, *ch.* 82, *p.* 475. See also sections 23 and 24.

*By the Court,* LACY, J.

The doctrine of partnership, in these cases, is well settled in Eng-

land. At law, the contract was always treated as a joint agreement; and, upon the death of one partner, a joint creditor could not proceed against his separate estate. The reason is, that, by the death of the joint partner, the joint contract, as to him, becomes extinguished. The creditor may have his action against the survivor or joint contractor. 1 *Ch. Pl.* 57. *Collier on Part.* 337. In equity, there is some conflict between the authorities. The creditor, in equity, will be permitted to receive satisfaction of his debt out of the estate of the deceased partner, under certain restrictions, through the medium of subsisting equities between the parties themselves; and Lord Eldon has pithily remarked, "that separate creditors must take the separate estate, and the joint creditors the surplus." *Greer vs. Chiswell,* 9 *Vesey,* 118. *Jacomb vs. Hartwood,* 2 *Vesey,* 265. And Lord Brougham said, in *Sumner vs. Powell,* 1 *Mer.* 73, "that a partnership debt has been treated, in equity, as the several debt of each, though, in law, it is only the joint debt of all."

The general rule upon the subject is, that if, upon the decease of a partner, the creditor's contract is to be treated as several, as well as joint, in respect to the firm, then he will of course be entitled to receive satisfaction in equity, immediately out of the estate of the deceased partner, and to take his portion *pari passu* with separate creditors.

Under our laws, no such thing as a joint contract, in the sense in which it is used in England, can be allowed. Our statute regulating proceedings upon such subjects, enacts, " that all joint debts or obligations shall survive against the heirs, executors, and administrators of such joint debtor or obligor, as may die before the discharge of such joint debt or obligation·" *Rev. St.,* sec. 1 to 24, *p.* 475. This act makes a partnership debt a several, as well as a joint contract; and the partnership creditor is, consequently, invested with a legal right to proceed immediately against the estate of the deceased partner, and to be paid at the same time with separate creditors. The debt against the firm being separate as well as joint, the death of the one partner cannot extinguish the separate demand against his estate. That contingency leaves his right in full operation, and the deceased partner's estate bound separately for the debt.

Judgment reversed.