ZACHERY vs. BROWN ET AL.

The maker of a bond, for the payment of money, has the whole of the day on which it falls due to pay it, and cannot be sued until the next day.

*Error to Johnson Circuit Court.*

Hon. FELIX J. BATSON, Circuit Judge.

MAY, for the plaintiff.

CUMMINS, for defendants.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of debt, by petition, in the Johnson Circuit Court. The petition is as follows:

"Your petitioners, Newton W. Brown and James B. Brown, merchants and partners in trade, trading and doing business under the name, style and firm of N. W. & J. B. Brown, the plaintiffs in this cause, state that they are the legal owners of a writing obligatory, against the defendant, Burr H. Zachery, to the following effect:

$302 46. One day after date, for value received, I promise to pay to the order of N. W. & J. B. Brown, three hundred and two dollars and forty-six cents, with interest from the first day of January, 1855, at ten per cent, until paid: this 8th day of February, 1855.

B. H. ZACHERY, [SEAL.]

Yet the debt remains unpaid: therefore, they demand judgment for their debt, and damages for the detention thereof, together with their costs."

The petition was filed and the writ issued on the *9th day of February*, 1855.

The defendant demurred to the petition, on the ground that the action was prematurely brought, the court overruled the demurrer, the defendant suffered final judgment to go for the plaintiffs, and brought error.

The bond bearing date on the 8th, and due and payable on the 9th of February, one day after date, the maker had the whole of the day on which it fell due, to pay it. He was not in default, and there was no breach of his contract until the entire day had expired, without payment. He was not liable to be sued, therefore, until the next day.

It has been held, that the maker of a promissory note, (entitled by the law merchant to three days of grace,) is bound to pay it

upon demand made at any reasonable hour of the last day of grace, and may be sued on that day if he fail to pay on such demand. *Staples et al. vs. Franklin Bank*, 1 *Metc.* 43; *Wilson vs. William*, 1 *Nott & McCord* 440; *Greely et al. vs. Thurston*, 4 *Greenl.* 479; *Dennie vs. Walker*, 7 *N. H. Rep.* 199.

In *Osburn vs. Moncure et al.*, 3 *Wend. Rep.* 170, it was decided, on the contrary, that the maker of the note has the whole of the third day of grace to make payment, and cannot be sued until after the day passes, though demand upon the third day, and notice to an endorser of non-payment are good.

Be this as it may, it is agreed in all of the above cases, and in others cited, that the maker of a bond has the whole of the day on which it falls due to pay it, and cannot be sued until the next day. See, particularly, the case of *Wilson vs. William*, 1 *Nott & McCord*, 440, and authorities cited.

In this case, the suit was prematurely brought, and the objection was properly taken by demurrer. 1 *Chit. Pl.* 443; *Osborn vs. Moncure* 3 *Wend. Rep.* 170.

The judgment of the court below is reversed, and the cause remanded, &c.

Absent, Mr. Justice SCOTT.