# BURR & CO. VS. ROSS & LEITCH.

In an action, *ex contractu*, against several, the plaintiff may be *non suited* on the trial if he fail in proving a joint contract: and it is not competent for the Court to permit the plaintiff to amend the declaration on the trial by striking out the name of a defendant improperly made a party, and then render judgment against the other defendant.

It appearing from the Journals of the General Assembly, which this Court will consult in cases of doubt as to the passage of a law, that Senate bill No. 82, found on page 184, of the Acts of 1856, entitled " *an act to prescribe the duties of the Courts of this State in relation to amendments*," approved 15th January, 1857, did not pass the House of Representatives, it is not a law.

## Writ of Error to Independence Circuit Court.

Hon. WILLIAM C. BEVENS, Circuit Judge.

FAIRCHILD, for the plaintiffs.

FOWLER & STILLWELL, for the defendants.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Ross & Leitch brought an action of assumpsit, in the Independence Circuit Court, against Edwin T. Burr, Henry F. Archer, Hulbert F. Fairchild and Newton W. Patterson, as late merchants and partners, under the firm, name and style of *Burr & Co.*

The action was founded on a promissory note alleged in the declaration to have been executed to the plaintiffs *by the said Burr & Co.*, on the 15th September, 1854, for $1,666 09, due at eight months.

The suit was discontinued as to Patterson, who was not served with process.

The other defendants pleaded non-assumpsit, in short upon the record, by consent of parties.

The cause was submitted to the Court sitting as a jury. The plaintiff read in evidence the note sued on, signed "*Burr & Co.*" The defendants proved that Newton W. Patterson was not a member of the firm of *Burr & Co.*, when the note sued on was executed, but. that the firm was composed of Burr, Archer and Fairchild  This being the substance of all the proof introduced, the defendants asked the Court to declare the law to be, in effect, that the plaintiffs could not recover in the action on account of having improperly made Patterson a party.

The Court conceded such to be the law, but decided that in-·asmuch as it was "sitting to dispense justice between the parties," it would not find for the defendants, but would permit the plaintiffs to amend their declaration by striking out the name of Patterson, and then render judgment in their favor for the amount due upon the note—which the Court accordingly did.

The defendants excepted, and appealed.

In an action *ex contractu* against several, it must appear on the face of the pleadings that their contract was joint, and that fact must also be proved on the trial. If too many persons be made defendants, and the objection appear on the pleadings, either of the defendants may demur, move in arrest of judgment, or support a writ of error; and even if the objection do not appear upon the pleadings, the plaintiff may be *non suited* on the trial, if he fail in proving a joint contract. 1 *Chitty's Plead*. 44–'5.

It is clear that the Court should have rendered judgment in favor of defendants, upon the evidence, as in case of *non suit*.

The defendants may have omitted to avail themselves of other matters of defence in consequence of their relying upon

the misjoinder to defeat the action, it was not, therefore, regular or competent for the Court to permit the plaintiffs to amend their declaration on the trial, so as to cut off the defence relied upon by the defendants, and then to proceed to render judgment against them.

To sustain the action of the Court, in permitting the amendment at the trial, the counsel for the appellees have referred us to what purports to be a very broad statute of amendments, found on page 184, of the acts of 1856, entitled *"an act to prescribe the duties of the Courts of this State in relation to amendments,"* which appears to have been approved by the Governor on the 15th of January, 1857.

In consequence of the certificates of the Secretary of State, Clerk and Speaker of the House of Representatives, published with the act, raising a doubt as to whether it really became a law or not, we have thought proper to look into the Journal of the House for the purpose of determining the question. *Purdy vs. The People,* 4 *Hill* (*N. Y.*) 390, 394, 404; *Warner vs. Beers,* 23 *Wend.* 134–'5.

At page 451, (*House Journal* 1856,) it appears that the Secretary of the Senate reported to the House that the Senate had passed Senate bill No. 82, to be entitled *" an act to prescribe the duties of the Courts of this State in relation to amendments."*

*On page* 575, *Ib.*—" Senate bill No. 82 was taken up and read the first time; and the rules were suspended, the bill read a second time; and on motion of Mr. Foreste, was indefinitely postponed."

It does not appear from the Journal that the bill was ever taken up again. Indeed, according to Parliamentary usage, the vote of the House to indefinitely postpone the bill, was equivalent to a refusal to pass it, as we understand it. See *Jeff. Manual.*

It appearing from the Journal that the bill did not pass the House, of course it did not become a law. *Constitution Ark., Art. IV, sec.* 18. *Art. V, sec,* 16.

The judgment of the Court below is reversed, and the cause remanded for further proceedings, etc.

Absent, Mr. Justice HANLY.