## Boutner vs. Kent.

The person, who furnishes the lumber for a building, not being the mechanic or builder, is not entitled to a mechanic's lien for the price of the lumber. (*Duncan vs. Bateman, ante.*)

*Appeal from Drew Circuit Court.*

Hon. John C. Murray, Circuit Judge.

Winter, for appellant.
Harrison, for appellee.

Mr. Chief Justice English delivered the opinion of the Court.

Kent and his deceased partner, who owned a saw mill, sold a bill of lumber to Boutner, and Kent instituted proceedings under the statute concerning mechanics' liens, to fix a lien upon a house and lot of Boutner, for the amount of the bill, alleging that the lumber was furnished to build the house, etc.

On the trial, it was proven that the lumber was furnished to Boutner by Kent and his partner, and that the prices charged in the account were usual. But it was not proven that they were mechanics or builders, or that they furnished the lumber to Boutner under any contract with him to do work as such, or that the lumber sold by them to him was even used in building the house, etc., upon which the lien was sought.

The case falls within the decision of this court in *Duncan vs. Bateman, ante,* and the judgment must be reversed, and the cause remanded for a new trial.

As to the question of pleading, made by the counsel for appellee, see *Hicks et al. vs. Branton et al.,* 21 *Ark.* 186.