JOHN ETHERIDGE, administrator, and MARY ETHERIDGE, administratrix, &c. of Benjamin Etheridge, deceased, *vs.* LYMAN LADD, impleaded with Levi Ferguson.

Where a promissory note is payable at a place other than a bank, and there is no custom to control the contract, the holder must present the same, and demand payment, on the day of its maturity, and at a reasonable time during business hours. If payment be refused, the paper is then dishonored, and immediate notice of such dishonor may be given.

And if notice is so given, to the indorser, it will fix his liability, notwithstanding the maker has the whole day within which to make payment, if he chooses to seek the holder for that purpose.

If the presentation is made, in reasonable time, the holder, after having given the indorser notice of the dishonor, has performed his whole duty. He is not bound to remain at the place of payment all day; nor to wait until the close of the day, unless the note is payable at a bank; nor is he bound to repeat the demand.

Under the custom of banks, giving to the maker all of bank hours, within which to pay, notes payable at a bank are usually left there and demand is made at the close of the day. *Per* BOCKES, J.

If a note is duly protested, and the indorser charged, the mere providing of funds at the place of payment, after that, will not discharge him.

If a party wishes to raise the objection that letters of administration were issued without jurisdiction, and are void, he should do it when the letters are offered in evidence. If he then objects to their reception merely as being incompetent, he can not afterwards insist that they are void for want of jurisdiction in the surrogate.

APPEAL from a judgment entered upon the report of a referee. The action was upon a promissory note, made by Ferguson and indorsed by Ladd. The referee found the following facts: That the plaintiffs are the administrator and administratrix of the goods, chattels and credits of Benjamin Etheridge, deceased, and as such administrators were at and long before the commencement of this action, and now are the owners of the promissory note mentioned and described in the complaint in this action, of which the following is a copy, viz:

"$89.71. *Hermon, November 20th*, 1861.

One year from date, for value received, I promise to pay to

the order of Lyman Ladd, eighty-nine dollars and 71-100, payable at the store of S. J. Child, Herman, N. Y.

(Signed,)      LEVI FERGUSON."

And indorsed by Lyman Ladd.

That said note was duly executed by the defendant Levi Ferguson, and was indorsed by the defendant Lyman Ladd. That on Saturday the 22d day of November, 1862, in the forenoon, John Etheridge, one of the plaintiffs, demanded payment of said note at the store of S. J. Child, in Hermon, where said note was made payable. Such demand was made of an individual who appeared to have the charge and possession of the store, and who was at the time the only person having control or possession of said store. That payment was refused. That afterwards, on the same 22d day of November, 1862, in the forenoon of said day, said John Etheridge gave personal notice to the defendant Lyman Ladd, that he, the said Etheridge, had demanded payment of said note at the said store, and that it had not been paid, and that he should look to said Ladd for payment of said note. That the said Ladd did not then, nor has he or the maker of said note since paid the same, and that the whole amount thereof is yet due and unpaid. That the third day of grace fell on Sunday, the 23d day of November, 1862, and demand of payment and notice of non-payment were made as above set forth, on the 22d day of November, 1862. That the defendant Ladd, on the same 22d day of November, 1862, some time after the demand, refusal and notice directed S. J. Child, the owner of the store, to pay said note out of certain moneys which said Ladd had previously lent to said S. J. Child, if said note should be presented for payment; that said note was not on that day, nor on any subsequent day presented again at said store; that said Child did not pay said note, nor did any one make any tender of money thereon.

The plaintiff having rested his case the defendant moved for a nonsuit on the following grounds:

Etheridge *v.* Ladd.

1st. No sufficient demand of payment of note is proven.

2d. No sufficient notice of presentment, demand and non-payment to indorser is proven.

3d. There is no sufficient proof of the character in which the plaintiffs sue or bring the action, or that they are the owners of the note in question. The motion was denied by the referee; and the defendant, by his counsel, excepted. When the proofs were closed, the defendant renewed the motion for a nonsuit, on same grounds as above, and further, that money was provided at the place of payment to meet the note on presentment, and the note would have been paid by the maker had it been duly presented for payment and duly demanded.

The referee denied the motion, refusing to nonsuit the plaintiff, and afterwards made his report, by which he found in favor of the plaintiffs for $96.28.

Ladd appealed from the judgment.

*Sawyer & Russell,* for the appellant.

*E. H. Neary,* for the respondent.

*By the Court,* BOCKES, J. The action is on a promissory note, against maker and indorser. The indorser alone defended, and the plaintiff recovered. The defense interposed was that the note was not duly protested, by reason whereof the defendant, the indorser, was discharged from liability.

The referee found that the note was presented for payment at the proper place, in the early part of the day on which it full due, and payment being refused or omitted, notice of such presentation and non-payment was immediately, and before noon of the same day, given to the indorser. Afterwards, and on the same day, the indorser directed the person in charge of the store where the note was payable, to pay it if presented.

I am satisfied upon the evidence, with the referee's finding,

that presentation, demand of payment and refusal, and no-
tice thereof to the indorser, were duly made. The holder
made demand at the proper place—the place of payment
named in the notice—of the person who then had charge of
the store, being the only person in charge. He had the note
with him, and although he did not exhibit it, yet he so de-
scribed it as to leave no doubt but that the maker, if present,
would have well understood of what note payment was de-
manded. He was there to demand payment of the note in
suit, and plainly manifested his purpose, and the person of
whom payment was asked understood what he desired. This
was sufficient. Such demand, refusal or omission to pay
with immediate personal notice thereof to the indorser, fixed
and determined his liability, and he was thus bound to its
absolute payment without a repetition of those formalities.

The demand was early in the day; about 8 or 9 A. M. ;
but it was during ordinary business hours at the store. So
it was not unreasonable in point of time. After such demand
and refusal, the holder was at liberty to treat the note as dis-
honored and immediately proceed to charge the indorser, by
giving him notice of its non-payment.

The promise of the maker was to pay on that day, on pre-
sentation by the holder at the store; the holder made pre-
sentation as he was bound to do at a reasonable hour, and
payment was refused or omitted. He was not required to
remain all day at the place to receive payment; nor was he
bound by any custom—as perhaps he might have been had
the note been payable at a bank—to leave the note until the
close of the day. But his duty was at an end when he made
presentation of the note for payment, at the proper place, at
a reasonable hour, followed by immediate notice to the in-
dorser. It is laid down in the elementary works that if
payment be refused during the last day, the holder may give
notice of its dishonor; yet if payment be subsequently made
on that day, such notice becomes of no avail. True the
maker has the whole of the last day of grace within which

Etheridge *v.* Ladd.

to pay. (*Smith* v. *Aylesworth*, 40 *Barb.* 104. *Outhout* v. *Ballard*, 41 *id.* 33.) But after due demand and refusal, followed by notice to the indorser, the maker, if he wishes to make payment, must seek the holder for that purpose. Judge Sutherland remarked, in *Osborn* v. *Moncure*, (3 *Wend.* 170,) as follows: "The demand upon the maker should be made on the third day of grace, and within a reasonable time before the expiration of the day; and if he then refuses payment, the holder has done all that is incumbent upon him to do, and may treat it as a dishonored bill, so far as immediately to give notice to the indorser; but still I apprehend the maker has the whole of the last day to pay in, if he thinks proper to seek the holder." The decisions bearing on the question under consideration are collected in *Outhout* v. *Ballard*, above cited, and while it is there held that a suit commenced on the last day of grace is premature, yet sanction is given to the doctrine that notice of dishonor may be given to the indorser, so soon as payment has been refused; even before the close of the business day. The holder must present the note and demand payment on the day of its maturity, and at a reasonable time during business hours. If payment be refused, the paper is then dishonored, and immediate notice of such dishonor will fix the liability of the indorser, even though the maker had the whole day within which to make payment, if he choose to seek the holder for that purpose.

If, in this case, the presentation was made in reasonable time, the holder, having given the indorser notice of the dishonor, had performed his whole duty. He was not required to remain all day to receive payment; nor was he bound to repeat the demand.

There is a custom at banks which gives to the maker all of bank hours within which to pay, and in order to meet this custom, the note, when payable at a bank, is usually left there, and demand is made at the close of the day. But here the note was not payable at a bank, and there was no custom to control the contract. So presentation during the proper

hours of business was good. These range through the whole day. (2 *Hill,* 635. 4 *Gray,* 453. 4 *T. R.* 170. 7 *East,* 385.) The note was dishonored in the hands of the holder after presentation at a reasonable hour on the day of its ma-turity. The omission to pay on presentation was equivalent in law to a refusal to pay, by the maker. The latter was then in default, and, although he could not be sued on that day, as the law will not notice fractions of a day ; still he must discharge his liability without imposing on the holder any further trouble.

I have no doubt that Ladd was duly charged as indorser, without passing on the question whether funds were in fact provided at the store for the payment of the note, after the notice of dishonor was given. If the note was duly pro-tested and the indorser charged, the mere providing of funds at the place specified for the payment, after that, would not discharge him.

The representative character of the plaintiff was sufficiently proved. When the letters of administration, issued to the plaintiffs, were offered in evidence, the objection was raised that they were incompetent. This was the only objection. It was not suggested that they were without jurisdiction and void. If it had been intended to raise that objection, it should have been presented, where, in all reasonable probability, it would have been obviated by proof. (3 *Selden,* 345. 20 *Barb.* 409. 42 *id.* 36–9.)

The judgment should be affirmed.

[Schenectady General Term, January 5, 1865. *Potter, Bockes, James* and *Rosekrans,* Justices.]