FRANCIS PARES OSBORN and Others, Respondents, v. WILLIAM C. ROGERS, Appellant.

*A debtor is not in default in payment, until a cause of action exists on his obligation.*

The defendant having made default in pleading the attorneys for the respective parties, on the day of such default, entered into a written stipulation, reciting the proceedings in the action, and that the defendant had executed and delivered to the plaintiff seventeen promissory notes, payable at different dates, and providing " that if the defendant shall well and truly pay each and every of said notes promptly at the maturity thereof, then, and in that case, no judgment shall be entered in this action; but in case the defendant shall make default in the payment of any one of said notes according to its terms, then immediately upon such default all of said notes remaining due and unpaid shall become and be forthwith due and payable, anything in the terms of them, or of either of them. to the contrary notwithstanding, and the plaintiff shall thereupon be at liberty forthwith to enter judgment by default in this action."

The first four notes were paid; the fifth was payable without grace on October 7, 1878, at the Tradesmen's National Bank, in the city of New York, and was duly presented for payment at the bank between two and three o'clock in the afternoon of that day, and again after three o'clock, and payment was refused, whereupon. on the same day, the plaintiff caused judgment to be entered in this action for the amount remaining unpaid upon the notes.

*Held,* that a motion to vacate the judgment, as having been entered in violation of the stipulation, was properly made; that the plaintiffs were bound to refrain from entering judgment until such time as a right of action accrued upon the promissory note, as to which the default was claimed, that is, until the last day on which it was payable had wholly passed; that the defendant could not be said to be in default upon the note when, as yet, no right of action had accrued against him thereon. (Macomber, J., dissenting.)

Appeal by the defendant from an order denying a motion to set aside a judgment and execution.

*Adam C. Ellis*, for the appellant.

*Frederick R. Coudert*, for the respondents.

Bartlett, J.:

This was an action upon an account stated, in which the plaintiffs sought to recover of the defendant $8,678.87. The defendant made default in pleading, and, on May 24, 1887, the plaintiffs appear to have been entitled to enter judgment by default. On that day the

attorneys for the respective parties entered into a written stipulation, which is the most important feature of the case on the present appeal. It recites the proceedings in the action and states that the defendant has executed and delivered to the plaintiffs seventeen promissory notes payable at different dates about a month apart and aggregating the amount of the plaintiff's claim in the suit. It further provides " that if the defendant shall well and truly pay each and every of said notes promptly at the maturity thereof, then, and in that case, no judgment shall be entered in this action ; but, in case the defendant shall make default in the payment of any one of said notes according to its terms, then, immediately upon such default, all of said notes remaining due and unpaid shall become and be forthwith due and payable, anything in the terms of them or of either of them to the contrary notwithstanding, and the plaintiffs shall thereupon be at liberty forthwith to enter judgment by default in this action, and to issue execution for the amount remaining unpaid as principal and interest of said notes."

The first four notes were paid. The fifth was payable without grace on October 7, 1887, at the Tradesman's National Bank in the city of New York. It was duly presented for payment at the bank between two and three o'clock in the afternoon of that day, but the bank refused to pay it. It was presented a second time after three o'clock and payment was again refused. Thereupon, and on the same day, the plaintiff caused judgment to be entered herein for the amount remaining unpaid upon the notes, and the defendant's property has been taken under an execution issued upon such judgment. The Special Term denied the motion by the defendant to vacate and set aside the judgment and execution, and from the order denying this motion the defendant has appealed.

Under the stipulation the plaintiffs were bound to refrain from causing judgment to be entered, unless the defendant should " make default in the payment of any one of said notes according to its terms ; " and the question presented for our determination is, whether the defendant can be deemed to have made such default before the expiration of the day upon which the fifth note was payable. The law in this State is perfectly well settled that no right of action accrues upon a promissory note until the last day on which it is payable has wholly passed. (*Continental National*

*Bank* v. *Townsend*, 87 N. Y., 8.) This action, it is true, is not based upon the promissory notes which were given by the defendant to the plaintiffs at the time the stipulation was executed, but upon an antecedent account stated between the parties. Nevertheless, the fact that no suit is maintainable upon a note until the complete expiration of the last day of payment is most material in its bearing upon the proper interpretation of that portion of the stipulation which refers to a possible default in the payment of any one of the notes provided for therein. Was it the meaning of the parties that the maker of these notes should be regarded as in default, and that the plaintiffs should have the right to enter judgment instantly upon failure to pay any one of the notes at the bank within banking hours on the last day? Or did they intend that the defendant should have just as much time as the law gives to the maker of ordinary commercial paper; that is to say, the whole of the last day, before he should be deemed in default?

The argument of the respondents is that the word default in the stipulation means simply a neglect or refusal to pay upon presentation at the appointed place during business hours on the day named, and some cases are cited in which the word is used in this sense. Thus in *Etheridge* v. *Ladd* (44 Barb., 69, 74) the court says: "The note was dishonored in the hands of the holder after presentation at a reasonable hour on the day of its maturity. The omission to pay on presentation was equivalent in law to a refusal to pay by the maker. The latter was then in default, and although he could not be sued on that day as the law will not notice fractions of a day, still he must discharge his liability without imposing on the holder any further trouble." So in *Osborn* v. *Moncure* (3 Wend., 171), where it was held that an action brought against the maker of a promissory note on the third day of grace is premature, SUTHERLAND, J., says: "Notice to the indorser on the third day of grace, after a demand upon the maker and his default of payment is good, although it need not be given until the following day."

These cases, however, would be more important if there had been anything in them to call for particular care in the use of the term default. There was not, and, therefore, they afford us little aid in construing this stipulation. The question before us comes down to this: Can a man be said to be in default upon a written obligation

for the payment of money when, as yet, no right of action has accrued against him thereon? I think not. It seems to me that the defendant upon the execution of the stipulation acquired precisely the same rights as any other maker of commercial paper in respect to the notes to which it referred. He was entitled to the whole of the last day to make payment, and he was not in default until that day had fully elapsed. It is said that this construction ignores the obligation to make payment of each of said notes "according to its terms," but I think this phrase must be read in the light of the law applicable to such instruments, with a knowledge of which both parties are presumed to have acted, and under the law payment at a place other than the bank and after banking hours, if made any time on the last day is deemed, to all intents and purposes, payment according to the terms of the note, inasmuch as it suffices to prevent any suit thereon.

I think the judgment herein was in disregard of the provisions of the stipulation and that the order appealed from should, therefore, be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred.

MACOMBER, J. (dissenting):

The right to enter judgment already existed, and hence, as soon as any of the seventeen notes was dishonored, the plaintiff was at liberty to proceed.

I cannot assent to the proposition that the defendant had the whole of the day upon which any of the notes matured in which to pay it, but I am of the opinion, on the contrary, that under the written agreement he was in default if he failed to make payment at the bank within the usual banking hours. An important part of the agreement is, "that if the defendant shall well and truly pay each and every of said notes *promptly* at the maturity thereof, then and in that case no judgment shall be entered in this action; but in case defendant shall make default in the payment of any of said notes according to its terms, then *immediately* upon such default, all of said notes remaining due and unpaid shall become forthwith due and payable, anything in the terms of them, or either of them, to the contrary notwithstanding, and the plaintiff shall thereupon be at liberty *forthwith* to enter judgment by default

in this case and to issue execution for the amount remaining unpaid as principal and interest of said notes." Any other construction would, in my judgment, ignore that part of the agreement by which the defendant undertook to pay the note promptly at maturity. It should be borne in mind that the agreement was merely for a suspension of the entry of judgment, a right in the plaintiff which already existed, and that such right was suspended only while the defendant maintained the condition precedent to the entry of such judgment by paying promptly each note at its maturity.

In my opinion the judgment should be affirmed.

Order reversed, with ten dollars costs and disbursements.