By the Court.—O’Gorman, J.
This action being now pending, this is a submission, under sections 1279, et seq., of the Code, on an agreed case of a controversy arising from the differing opinions entertained by the parties plaintiff and defendant, as to the true meaning, force and effect of a certain bond with sureties, given'by defendant Rogers, under order of the Supreme Court, as a condition for the discharge of a levy made under judgment and execution against Rogers, in favor of the plaintiffs for the sum of $7,938.53, with interest and costs.
The plaintiffs claim that this • bond is now in full force." The defendants deny the claim.
On issue of execution and levy made on the property of “ Rogers,” he moved at the special term of the Supreme Court, for the vacation of the judgment and execution. His motion was denied. From this decision, he appealed to the general term, and also moved in the special term for a stay of plaintiffs’ proceedings pending that appeal. This motion was granted and “ Rogers” obtained an order staying the plaintiffs’ proceedings, and discharging the levy pending the appeal to the general term, and also pending such appeal as might be taken to the Court of Appeals, on the condition of his giving a bond with *161 sureties. -The bond was given under the approval of the court, and the contention now is as to the true intention and legal effect of that bond. The Supreme Court, at general term, reversed the order of the special term, and set aside the judgment against “ Rogers.” From that decision the plaintiffs appealed to the Court of Appeals, who reversed the decision of the general term of the Supreme Court and restored the judgment and execution against Rogers to their former force and effect.
The defendants now claim that the liability of the sureties on the bond was discharged by the judgment of the general term, setting aside the judgment against Rogers, and that plaintiffs can maintain no action against the sureties.
The plaintiffs, on the other hand, contend that the bond and all its obligations continued in full force and effect during all the litigation in the Court of Appeals, and on the decision of that court reversing the decision of the general term and reinstating the judgment against Rogers and the execution against his property, they were intitled to demand the fulfillment of all the provisions of that bond, in their favor, and to compel the sureties to pay tho amount of the judgment, etc.
The condition of the bond is as follows :—“ That whereas, the above bounden William C. Rogers has appealed to the general term of the Supreme Court of the state of New York, First Department, from an order made and entered on the 28th day of October, 1887, in an action in the Supreme Court of the state of New York, wherein Francis Pares Osborn, and others, are plaintiffs, and the said William C. Rogers, defendant, which order denies the motion made by the said Rogers to vacate the judgment entered in said action on October 17th, 1887, and to set aside the execution issued thereon.
“ And whereas, a motion has been made by said *162 Rogers for a stay of proceedings pending said appeal and to discharge the levy under the execution issued upon said judgment upon such terms as to the court may seem just, and the court having ordered such discharge of levy and a stay of proceedings until the final determination of the defendants’ said appeal from said order by the general term, and in case of an appeal from the determination of the general term to the Court of Appeals, then until the final determination of the Court of Appeals upon such appeal, then, that in case said order appealed from shall be affirmed by said general term, and if an appeal be taken from the determination of the general term upon such appeal to the Court of Appeals in case said order be finally affirmed by said Court of Appeals the defendant William C. Rogers shall well and truly pay unto said Francis Pares Osborn, Charles Spencer Osborn, William Osborn, and Robert Arthur Osborn, any and all sum or sums which may be or shall be due, owing and unpaid upon said judgment, and the fees of the sheriff under said execution, with interest upon such sum or sums unpaid, and sheriff fees and all costs of appeal that may be awarded to the plaintiffs, within thirty days after the final affirmance by the general term, or if an appeal be taken to the Court of Appeals within thirty days after the final affirmance of said order by such Court of Appeals, then this obligation to bo void otherwise to remain in full force and effect.”
The language used might have been, no doubt, more clear, but, taking into account the circumstances under which it was executed, and the important advantages secured by defendant Rogers, because of its execution, I find little difficulty in arriving at the conclusion that the plaintiffs’ contention is right, and that the liability of the sureties on the bond to the plaintiffs, still exists, and the action on behalf of the plaintiffs against defendants is well brought.
*163 In the endeavor to ascertain the meaning and purpose of a written contract, which, from the ambiguity or confusion of language may not be quite clear, a court is justified in seeking for such construction as may be the most reasonable, the most liberal and most consistent with the sense in which the promisor believed that the promisee accepted the promise, and in which he did actually accept it.
I entertain no doubt, that, in the case of the instrument here in question, the sense thus mutually understood by the parties was, that the bond should be and continue to be a valid and sufficient security for payment of the amount of plaintiff’s judgment, whether that judgment was sustained by the general term of the Supreme Court, or the decision of the Court of Appeals if the litigation reaéhed that court. If the intention of the parties to the bond was that the liability of the sureties was to end on the decision of the appeal to the general term, all allusion in the bond to the Court of Appeals would have been useless, idle and irrelevant. The allusion to the Court of Appeals clearly indicated that an appeal to that court was to be expected on the part of either party who might be dissatisfied by the decision of the general term. It is very unlikely that the intention of the parties was, that in case of a decision of the general term hostile to the plaintiffs’, they were to accept their defeat, or, if they sought redress by appeal to the Court of Appeals, carry on that litigation without any security from which they could realize any substantial benefit or protection.
It should be remembered that, at the time the the bond was executed, the plaintiffs had levied under the execution, on the goods of Rogers, and that, to the extent of the value of these goods, security, pendente lite, had been, in effect, given. By setting aside that levy, the plaintiffs were left without any security, unless such as was found in the bond. *164 That whatever security was afforded by. the bond should cease to exist on the decision of the general term in favor of the defendant Rogers, would have left the plaintiffs without any security in place of the levy on the goods of Rogers, of which security he had been deprived by the order of the special term. That this injustice should have been intended by the court, or would have been acquiesced in by the plaintiffs, is not to be believed. No violence is done to the language of the bond by this holding, and the general drift of authoritative judicial opinion is in that direction. Robinson v. Plimpton, 25 N. Y. 484 ; Doolittle v. Dininny, 31 lb. 350.
The intention of all the parties was, in my opinion, that the plaintiffs were to receive, by means of the bond, a security which should be the full equivalent of the security they held by their levy on the goods of Rogers.
There should be judgment for the plaintiffs in form, and for the amount specified in folios 55 and 56 of the agreed case.
Sedgwick, Oh. J., and Freedman, J., concurred.