Per Curiam.

The surrender was complete, and in time to entitle the defendants to have an exoneretur entered. The subsequent order and this motion were proper to put an end to this suit, when the plaintiff, would not submit. Bet the exoneretur be entered.(a)
Rule granted..

 Ellis v. Hay, infra, 334; Kane v. Ingraham, infra, vol. 2, p. 403. Brown v. Smith, 9 Johns. R. 84; Brownelow v. Forbes, 2 id. 101; Wiggins v. Wilson, 5 Cowen, 420; Patten v. Stewart, 1 Hall R. 38. Where the suit against them is by declaration,'eight, days after the service of the declaration is "allowed ; and where the defendant had only seven days after the service of the declaration, in the two first weeks of term, within which to surrender his principal, but did not do so, and the plaintiff proceeded to judgment and execution, this court held in a recent case, that the defendant had the whole of the vacation and the first day of the next term, in which to surrender, but that notwithstanding, the plaintiff had a right to proceed, subject to" the right of the defendant to surrender his principal, and they accordingly refused- to set aside the proceedings as irregular, but allowed the defendant until the first *393 day of the next term to surrender, pn payment of epsts,. Mayell v. Follett, 7 Wend. 507. See also, Gra. Prac. 2d edit. 436, 437. In New York, Pennsylvania, New Jersey, South Carolina, and Maryland, the same general rule prevails that on return of non est, the bail are so far fixed that they are liable, unless the principal is surrendered within the time allowed ex gratia by the practice of the court. Boggs v. Teackle, 5 Binn. 332. Armstrong v. Davis, Coxe, 110. Rathbone v. Blackford, 1 Caines’ R. 558. Olcott v. Lilly, 4 Johns. R. 407. Gordon v. Leipman, 3 M’Cord’s R. 49. Davidson v. Taylor, 12 Wheat. R. 604. In Pennsylvania, four days after the return are allowed fpr the surrender, M’Clurg v. Bowers, 9 S. & R. 24; and the day of the return is to be excluded in the computation ; Cowles v. Brawley, 4 Watts, 358. In Massachusetts and New Hampshire, bail are not fixed until a judgment againpt them on a sci. fa., or unless the principal die after a return of non est, on the execution against him. Champion v. Noyes, 2 Mass. R. 485. Hamilton v. Dunklee, 1 N. Hamp. R. 172. If the principal die, after non- est so returned, his bail are inevitably fixed. Id. S. P. Boggs v. Teackle, 5 Binn. 332. Davidson v. Taylor, 12 Wheat. R. 604. Gordon v. Liepman, 3 M’Cord’s R. 49, Bradford v. Earle, 4 Pick. 120. Goodwin v. Smith, 4 N. Hamp. R. 29. In North Carolina, the bail are not fixed until judgment against them and they may surrender the principal after verdict against them. Granbery v. Pool, 3 Dev. 155. In Connecticut, Vermont, and South Carolina, bail are fixed by the return of non est on the execution against the principal, unless they can show that such return was unfairly made. Collins v. Cook, 4 Day, 1. Fitch v. Loveland, Kirby, 384. Saunders v. Bobo, 2 Bailey, 492. Howe v. Ransom, 1 Verm. 276. But if they offer to surrender within a time rea» sonably to be allowed for the return of the execution, though after the return, they will be exonerated. Edwards v. Gunn, 3 Conn. R. 316.