Judge Wood
delivered the opinion of the court, as follows ■
Two questions arise in this case for decision: 1. Was the testimony offered by the plaintiff, objected to by the defendant, and admitted by the court, proper for the consideration of the jury? 2. Was that evidence sufficient to warrant the jury in finding for the plaintiff? The fii-st point is not embraced in the motion, and to the points there made, the discussions of counsel ^should, in ordinary cases, be confined, because they are the only notice to the opposite party of the questions to be raised, and constitute the substratum on which the opinion of the court rests. The objection was made at the trial, and is relied upon in the argument here, that the court erred in the admission of the evidence; and counsel have probably supposed that point was" *517 embraced in their motion, or that it followed, as a corollary, the reasons on file. Such, however, is by no means the fact. But if it were otherwise, the result, in this case, would be the same. "Where the issue is that of due diligence, on the part of the holder of negotiable paper, to enable him to recover of the indorser, there is no exception to the general rule, that all the surrounding facts of a transaction, or, as they are usually termed,, the res gestee, may be submitted to a jury, provided they can be established by competent means, and afford any fair presumption or inference as to the question in dispute.” 1 Stark. Ev. 40. It is no legal objection to the competency of the evidence, that it does not prove the entire issue or is insufficient to warrant a recovery. However inadequate it may be for this purpose, if it tend to demonstrate or make clear the point in controversy, it is competent and must go to the jury.
Baldwin v. State of Ohio, 6 Ohio, 16. The point in dispute was that of notice to the indorser; and it can, we think, hardly be questioned that the proof admitted bore directly on that inquiry and should not have been withheld.
Does the evidence warrant the finding of the jury? This must depend on the fact: 1. Whether due diligence was used to obtain the money of the maker; and, 2. Whether legal notice of its nonpayment was given to the defendant as the indorser. It can not, we think, be successfully controverted that the leaving of a note at the place of payment, for collection, is a sufficient demand on' the maker. Conn v. Gano, Ohio C. 210. Indeed, the right of the plaintiff to recover does not depend upon his making a demand, for a demand need not be averred in the declaration nor proved on the trial. Id. 210, 211. But the sufficiency of the notice to the indorser is very zealously and ably contested. The argument is that the undertaking of the indorseris conditional, and depends on his receiving 'strict notice of' the non-payment of the note by the maker. It is said the time and mode of this notice has been defined with great clearness and precision. That if the indorser resides in another town, notice may be sent by the next day’s post; that when the parties live in the same town, and ^within the circuit of the penny-post, it is sufficient to give notice through the post-office, by letter. But if there be no penny-post, it is said the notice must be personal or by a special messenger. There can be no doubt that the positions assumed aro sustained by a *518 great weight of authority, and may be considered as the well-settled law of this state and others of the confederacy. But if personal notice were given in this case, the law is satisfied and the argument has no application. There is no positive proof of personal notice, but circumstances have been resorted to; they have been spread before the jury, and, from the facts surrounding the transaction, they have presumed personal notice; and we are now called upon to revise this evidence, and to determine, from it, whether the weight of it is with or opposed to the finding of the jury upon this point.
The defendant lived near the post-office; he rented a box; his letters and papers were put into it. This notice, directed to the defendant, was deposited in his.box between four and six o’clock in the afternoon of the last day of grace on the note, and after its protest. The defendant called at the office once a day or more frequently, for his letters, and if sent by Sartwcll they were delivered to his barkeepers or himself. Can this evidence be otherwise than satisfactory that the defendant received personal notice, or that notice was left at his house, in the hands of his agents, on the day of the protest, or on the succeeding day?
It may be supposed that notice on the day after the protest is not in time, as the parties resided in the same town. It was so decided iñ Woodbright v. Brigham, 12 Mass. 403, where the court held that notice in such case should be given to the indorser on the same day on which there was a demand and refusal of payment. But in Langdale v. Trimmer, 15 East, 291, and in Bennett v. Raugh, 2 Taunt. 87, a notice on the day after the demand and refusal was held to be in time; and in Derbyshire v. Parker, 6 East, 3, Mr. Justice Lawrence said that the general rule, collected from all the authorities, with respect to persons living in the same town, seemed to be that the notice should be given by the next day; and to such as live in different places, that it should be sent by the next post. Such is, also, the import of the decision in Carp v. McComb, 1 Johns. Cas. 329. It is there said, without distinction as to the residence of the parties, that although the notice of nonpayment may be given on the day of the demand, it is earlier than is required.
In the Hartford Bank v. Stedman, 3 Conn., it is laid down *as a general rulé, that the holder of an inland bill, or note, need not send notice of non-payment until the day after its dis *519 honor. The same was ruled in Lindenberger v. Beall, 6 Wheat. 104. In 12 Massachusetts, the point, as to the time of the notice, could not have been before the court, where the parties resided in the same town, for it is stated in the report they lived a full day’s journey from each other — the plaintiff residing in Hartford, where the note was payable, and the indorser in Northampton. That case can not, therefore, be considered as authority. If notice, then, in the case at bar might have been given on the day of the demand, and it would not have been too early, or on the subsequent day, and it would not have been too late, and if notice must be personal, or by special messenger, left at the defendant’s house, we nevertheless can see no deficiency in the evidence to meet the requisitions of the rule. If notice were necessary, on the day of tho demand, this case would fail within the range of the observations of Lord Ellenborough, in Lawson et al., assignees, v. Sherwood, 1 Stark. 314. The witness stated, that either two or three days, after the dishonor of the bill, notice was given. Notice in two days was in time, but on the third day, too late. His lordship remarked, the witness says two or throe days, but the third would be too late? It lies on the plaintiff to show notice in due time, and I can not go upon probable evidence, without positive proof. The evidence left it as probable, that the notice was on the third as on the second day, and the court could not infer it was on one in preference to the other. The manner in which it is said positive evidence must be given has led to the impression, that proof of a higher order, or more positive character, must but be given, to fix notice on the defendant than to prove any other fact. Such is not the law, nor did the court design to be so understood, but only that there should be positive proof of certain facts, from which the interference of notice might be reasonably inferred. In the case at bar, like the one in Starkie, it is doubtful whether notice was received by the defendant on the day of the demand, or on the subsequent day, but unlike that case, notice on either day is sufficient. „
We repeat, the evidence of the witnesses, and the admissions made upon the trial, were amply sufficient to wax-rant the jury in finding for the plaintiff, and judgment must be entered on the verdict.