THE CONTINENTAL NATIONAL BANK, Respondent, v. WILLIAM
E. TOWNSEND, Impleaded, etc., Appellant.

An indorsee of a promissory note, taking it as collateral security for an
antecedent debt without other consideration, but in good faith and before
maturity, occupies the position of a holder for value and is protected as
such.

Where the transfer of a note is upon the last day of grace it is before
maturity ; the maker has the whole of that day within which to pay.

(Argued October 25, 1881 ; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Su-
preme Court, in the first judicial department, entered upon an
order made July 1, 1881, which affirmed a judgment in favor
of plaintiff, entered upon a decision of the court on trial with-
out a jury.

This action was upon two promissory notes executed by de-
fendant Thompson, payable to the order of James Reid & Co.,
and indorsed by that firm to plaintiff on the last day of grace,
as collateral security for an indebtedness of that firm.

Thompson offered to show by way of set-off an indebted-
ness of said firm to him existing at the time of the transfer.
This was excluded and said defendant's counsel excepted.

*Britton & Ely* for appellant. The mere acceptance of the
notes in suit as collateral security to an existing debt did not
give plaintiff a title as against Reid & Company. To pro-
duce such result, there must be some new consideration, some-
thing parted with on the strength of the transfer. (*Stalker* v.
*McDonald*, 6 Hill, 93; *Coddington* v. *Bay*, 20 Johns. 636;
*Driggs* v. *Rockwell*, 11 Wend. 504; *O'Callahan* v. *Sawyer*,
5 Johns. 118; *McBride* v. *Farmers' Bk.*, 26 N. Y. 450; *West*
v. *Am. Ex. Bk.*, 44 Barb. 175; *Central Nat. Bk.* v. *Valentine*,
18 Hun, 417; *Phœnix Ins. Co.* v. *Church*, 81 N. Y. 218.)

*Edward F. Brown* for respondent. Where a promissory
note is made for the accommodation of the payee, but without

restriction as to its use, an indorsee taking it in good faith as collateral security for an antecedent debt of the payee and indorser, without other consideration, occupies the position of a holder for value, and can recover thereon against the maker. The precedent debt is a sufficient consideration for the transfer, and no new consideration need be shown. (*Grocers' Bk. of N. Y.* v. *Penfield,* 69 N. Y. 502.)º A note may be negotiated on the last day of grace, within business hours, and the purchaser acquire a good title, unless he has notice of a defect in the consideration. Gross negligence in not making inquiry is insufficient *per se* to defeat his title, though it may constitute evidence of fraud. (*Farrell* v. *Lovett,* Sup. Ct. of Me. decided June 29, 1878; 18 Alb. L. J. 373.) The alleged set-off against plaintiff's assignor is a defense, not a counter-claim. A counter-claim is limited to the parties to the record. (*Wolf* v. *Charles, E. H—,* 13 How. Pr. 84.) One who for full value obtains from the apparent owner a transfer of negotiable paper before it matures, and who has no notice of any equities between the original parties, or of any defect in the title of the presumptive owner, is to be deemed a *bona fide* holder. (*Belmont Branch Bk.* v. *Hoge,* 35 N. Y. 65; *Magee* v. *Badger,* 34 id. 247.) The holder is presumed, in the first instance, to have paid value for the bill. (*Case* v. *Merch. Banking Association,* 4 Comst. 166.) And this presumption is not overcome by showing that the plaintiffs acquired the paper after it was due. (*James* v. *Chalmers,* 2 Seld. 209.) No action can be brought upon the note until the third day of grace has expired. (*Osborne* v. *Moncure,* 3 Wend. 170; *Hopping* v. *Quinn,* 12 id. 517.) For the purpose of presenting a note for payment the proper hours of business range through the whole day, down to bedtime in the evening. (*The Cayuga Co. Bk.* v. *Hunt,* 2 Hill, 635.) The statute only authorizes a set-off, where the note was assigned after it became due. (3 R. S. 635, 5th ed.; Code of Civil.Proc., § 502.)

FINCH, J. The principal question on this appeal has been decided in this court adversely to the views of the appellant. In

*The Grocers' Bank* v. *Penfield* (69 N. Y. 502), we determined, after a very full examination of the authorities, that where a promissory note is made for the accommodation of the payee, but without restriction as to its use, an indorsee taking it as collateral security for an antecedent debt of the indorser, without other consideration, but in good faith and before dishonor, occupies the position of a holder for value and is protected as such. That doctrine decides this case, unless there be something in the further point sought to be raised cut of the fact that the note was transferred on the last day of grace. The court was asked to find as matter of fact that the transfer was not before maturity, and refused so to find. The refusal was correct. The rule must be deemed settled in this State that the maker has the whole of the last day of grace within which to pay, and that any earlier action against him is premature. (*Osborn* v. *Moncure*, 3 Wend. 170; *Hopping* v. *Quin*, 12 id. 517; *Cayuga County Bank* v. *Hunt*, 2 Hill, 635; *Smith* v. *Aylesworth*, 40 Barb. 104; *Oothout* v. *Ballard*, 41 id. 33.) While a different rule prevails elsewhere to some extent (Story on Prom. Notes, 278, note 2; *Sargent* v. *Southgate*, 5 Pick. 312; *Ayer* v. *Hutchins*, 4 Mass. 370; *Pine* v. *Smith*, 11 Gray, 38), the current of authority in this State is very manifest, and we can see no just reason for doubting it, or departing from it. Although this note was transferred on the last day of grace, it was yet transferred before actual dishonor, and so as to bar the equities sought to be interposed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.