FRANCIS PARES OSBORN et al., Appellants, *v.* WILLIAM C. ROGERS, Respondent.

In an action upon an account stated, after default in answering, the plaintiff accepted defendant's promissory notes for the amount, and the parties signed a stipulation entitled in the action, which provided that "in case the defendent shall make default in the payment of any one of said notes according to its terms, then immediately upon such default  *   *   * the plaintiffs  *   *   *  shall be at liberty forthwith to enter judgment by default and to issue execution for the amount remaining unpaid." One of said notes was made payable at a bank. At maturity and within the usual banking hours plaintiffs presented it at the bank for payment, which was refused, Shortly after banking hours payment was demanded by a notary, and being refused, the note was protested. Thereafter, on the same day plaintiffs entered up judgment for the balance unpaid. On motion to set aside the judgment, *held*, that it was properly entered; that defendant having agreed to pay at a bank, the time of payment was necessarily limited to the hours within which the bank, in due course of business, was open to receive payment, and, under the stipulation at the close of banking hours, plaintiffs were entitled to enter judgment; that no. term growing out of the law merchant or custom could be implied into the stipulation, and so the rule that the maker of a note has the whole of the last day of grace in which to pay, and that an action commenced, after its dishonor at bank, and during the same day, is prematurely brought, had no application.

*Continental Bank* v. *Townsend* (87 N. Y. 8), and *Smith* v. *Aylesworth* (40 Barb. 104), distinguished.

*Osborn* v. *Rogers* (49 Hun, 245), reversed.

(Argued January 29, 1889; decided March 5, 1889.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made June 19, 1888, which reversed an order of Special Term denying a motion to

set aside the judgment and execution herein, and which granted said motion. (Reported below, 49 Hun, 245.)

The facts, so far as material, are stated in the opinion.

*Frederic R. Coudert* for appellants. The notes were not " commercial paper" while still in the plaintiffs' hands, nor subject to rules *sui generis* incidental to commercial paper, and are to be read with the agreement and construed as a part of the contract between the parties. (1 Am. L. C. 383; *Overton* v. *Tyler,* 3 Penn. St. 346; *Sibree* v. *Tripp,* 15 M. & W. 23.) The plaintiffs' right to judgment and execution accrued and became perfect upon and by the mere fact of default in the payment of any one of said notes according to its terms. (Edw. on Bills, § 682; *Ethridge* v. *Ladd,* 44 Barb. 69–74; *Osborne* v. *Moncure,* 3 Wend. 170, 171; Daniels on Neg. Inst. § 1208.) The term " make default in payment" signifies a failure to pay on presentation at the time and place of payment — practically, as synonymous with the word " dishonor." (Chitty on Bills, 451, 481; note *q,* 451; note *g,* 473; 3 Kent's Com. 95, 104, note *d,* 106; Story on Prom. Notes, § 227, note 2, §§ 432, 445, 448; Benjamin's Chalmer's Dig., note to art. 204; Byles on Bills, 211, note *p*; 218, note *o*; Daniel on Neg. Inst. §§ 1208, 1210, 1682; Redfield & Bigelow's Leading Cases on Bills and Notes, note to *Bank of Alexandria* v. *Swann,* 391, 396; *Ethridge* v. *Ladd,* 44 Barb. 69–74; *Osborne* v. *Moncure,* 3 Wend. 170, 171; *Rowe* v. *Yound,* 2 B. & B. 165; 2 Bli. 391; *Lenox* v. *Roberts,* 2 Wheat. 373, 377; *Pierce* v. *Cate,* 12 Cush. 190, 192; *Gilbert* v. *Dennis,* 3 Metc. 495, 497; *Jackson* v. *Richards,* 2 Caines, 343, 344; *Mechanics' Bk.* v. *Griswold,* 7 Wend. 165, 168; *Berry* v. *Robinson,* 9 Johns. 121, 122; *Griffin* v. *Golf,* 12 id. 423, 424; *Corp* v. *McComb,* 1 id. 328, 329; *Harker* v. *Anderson,* 21 Wend. 372, 373; *Howard* v. *Ives,* 1 Hill, 263, 265; *Merritt* v. *Todd,* 23 N. Y. 28, 29; *Sheldon* v. *Horton,* 43 id. 93, 96, 98; *Parker* v. *Stroud,* 98 id. 379, 384.)

*Adam C. Ellis* for respondent. No cause of action accrued on the note payable October 17, 1887, until the day after its

maturity. The entry of the judgment on the day the note reached maturity, the issuing of the execution and the levying of the sheriff, were all illegal. Defendant had all of the seventeenth in which to pay the note. (*Continental Nat. Bk.* v. *Townsend*, 87 N. Y. 8; *Smith* v. *Aylesworth*, 40 Barb. 104.)

DANFORTH, J. Defendant moved at Special Term that the judgment in this action and the execution for its enforcement be vacated. The motion was denied. Upon appeal the judges at General Term differed, but a majority favored reversal, and from the order of reversal the plaintiffs appeal to this court. The action was upon an account stated, for the sum of $8,678,87. The defendant failed to answer, and to stay further proceedings gave, and the plaintiff accepted, promissory notes payable at different times, in all amounting to the sum claimed, and a stipulation entitled in the action was executed between the parties, wherein, after reciting these facts, they agreed that "if the defendant shall pay each of said notes promptly at the maturity thereof, then no judgment shall be entered in this action; but in case the defendant shall make default in the payment of any one of said notes according to its terms, then immediately upon such default * * * the plaintiffs shall be at liberty forthwith to enter judgment by default in this action, and to issue execution for the amount remaining unpaid as principal and interest of said notes."

The first four notes were paid; the fifth was in these words :

"$517 5/100.                        NEW YORK, *March* 18, 1887.

" Without grace, on October 17, 1887, after date I promise to pay to the order of myself five hundred and seventeen and 5/100 dollars at the Tradesmen's National Bank.

· " Value received.

"No . . . ., Due Oct. 17–87."            " W. C. ROGERS."

Indorsed : " W. C. ROGERS."

At maturity and within the usual banking hours it was presented by the plaintiffs at the bank for payment, but payment

was refused. Shortly after banking hours payment was demanded by a notary, and being again refused, the note went to protest in the usual manner. Immediately after and on the same day the plaintiffs entered up judgment in the action for the sum remaining unpaid. It was objected for the defendant that the entry of judgment was irregular, as the day on which the note was payable had not expired. In support of this contention the learned counsel for the defendant refers to *Continental Bank* v. *Townsend* (87 N. Y. 8) and *Smith* v. *Aylesworth* (40 Barb. 104). In the first it was said to be the rule in this state that the maker of a note has the whole of the last day of grace in which to pay, and consequently a transfer at any time on that day was before maturity. The case from the Supreme Court (40 Barb., *supra*), is to the effect that an action commenced upon a note after its dishonor at bank and during the same day was prematurely brought. The question, however, which these cases answer is not the one before us, nor are the decisions at all material in the present controversy. That depends upon the true construction of the stipulation. So long as the defendant kept within its terms the plaintiffs were stayed from proceeding in the action. The moment he made default and failed to perform his part the plaintiffs were let loose. What was his contract? To pay the note according to its terms, and the only obligation of the plaintiffs in respect thereto was to receive the money specified in the note at the time and at the place therein mentioned. No term growing out of the law merchant, or custom, or from any source, can be implied into the stipulation. If other terms, under any circumstances, can be so gathered, they must be deemed excluded by the stipulation, for it refers simply to the terms expressed in the note and makes the omission to observe and keep any one of those terms a default upon the happening of which the plaintiffs are at liberty to proceed and enter judgment.

Among other terms we find a place of payment mentioned, viz., "The Tradesman's National Bank." Payment, therefore, to be effectual for the purpose of the agreement, must

be performed at the place appointed by the agreement. It was not so performed. The real question is still narrower. The defendant says, by the law applicable to promissory notes, the maker has the whole day in which to pay, and, therefore, the plaintiff should have waited until the end of it. In other words, he says, although I did not perform my contract, you were bound to observe the law which extends the privilege of payment beyond bank hours and to a different place. Assuming that to be so, it is only against an action brought upon the note that the privilege is availing. If payment of a note might still be made within the day, non-payment on presentment is dishonor, and a notice given on that day, and immediately after that dishonor, is not too soon. (*Burbridge* v. *Manners*, 3 Campbell, 194; *Corp* v. *M' Comb*, 1 Johns. Cas. 329; *Youngs* v. *Lee*, 12 N. Y. 551.) The maker not paying, was in default. Here there is no action upon a note. There was no substitution of the notes for the account stated, or novation of any kind. The defendant agreed to pay at a place stated and at a time stated, and, as he was to pay at a bank, so the time was necessarily limited to the hours within which the bank, in the due course of its usual business, was open to receive payment. (*Bank of Syracuse* v. *Hollister*, 17 N. Y. 46.) That was the agreement made by the parties, and the court cannot make another for them.

The defendant, in substance, said: " If you will suspend your suit until October seventeenth, I will meet you at the bank on that day, between the hours of ten and three, and there pay that portion of the money you require. If I do not, you can proceed in the action." I suppose no one would doubt that upon default of defendant in so doing, the plaintiffs might, immediately after the hour of three, enter their judgment. In the actual and in the supposed case the question was one of forbearance. There is no greater uncertainty as to time of forbearance in one case than in the other, and, it seems to me, there is no more justice in implying a different time in one case than

the other. Omission to pay at the bank was a " default in payment," and, consequently, a breach of the contract embodied in the stipulation, and the plaintiffs were relieved from it.

We agree, therefore, with the Special Term, that the entry of judgment was regular, and should stand.

The order of the General Term should be reversed, and that of the Special Term affirmed, with costs of appeal in all courts.

All concur.

Judgment accordingly.