Hare v. Cook.


# ATTACHMENT AND GARNISHMENT—NECESSARIES.

[Cuyahoga (8th) Circuit Court, February 21, 1905.]

Marvin, Winch and Henry, JJ.

## W. A. HARE v. W. COOK ET AL.

1. INDEBTEDNESS FOR RENT NOT NECESSARILY CLAIM FOR NECESSARIES WITHIN MEANING OF ATTACHMENT LAWS.

   The mere fact that one is indebted for rent is not sufficient to raise a legal presumption that the claim is for necessaries, within the meaning of the attachment laws of Ohio.

2. LANING R. L. 10071 (R. S. 6494) NOT UNCONSTITUTIONAL.

   Laning R. L. 10071 (R. S. 6494), which secures to the defendant in attachment the right to appeal from the decision of a justice of the peace in overruling a motion to discharge the attachment, is not unconstitutional simply because it makes no provision for an appeal by plaintiff in case the motion is maintained.

3. MOTION TO DISCHARGE ATTACHMENT UNDER LAN. R. L. 10071 (R. S. 6494) MUST SET FORTH REASONS, ETC.

   The motion for discharge of an attachment made under favor of Lan. R. L. 10071 (R. S. 6494), must set forth the grounds upon which the defendant relies to have the attachment dissolved; and on the hearing of such motion the evidence must be confined to the grounds stated. Hence, an affidavit containing nothing which tends to support the grounds set forth in the motion, is inadmissible in evidence.

ERROR to Cuyahoga common pleas court.

**Miller & Linder,** for plaintiff in error:

Whether on an appeal, under Lan. R. L. 10071 (R. S. 6494), from the decision of a justice of the peace overruling a motion filed to discharge an attachment, evidence may be heard on other grounds than those assigned in the original motion filed before such justice. *Rogers v. Prushansky,* 13-23. O. C. C. 271; *Remington v. Harrington,* 8 Ohio 507.

**J. F. Dowling,** for defendants in error.

MARVIN, J.

Suit was brought by Hare against Cook before a justice of the peace, and upon an affidavit filed by Hare an order of attachment was issued. The grounds stated in the affidavit for the attachment are:

"That the defendants are justly indebted to the plaintiff in the sum of $24 for rent; that said claim is just and lawful; that he believes said plaintiff ought to recover thereon the amount of $24, and that the property about to be attached is not exempt from execution; that the

claim on which judgment is sought is contracted for since April 26, 1898, and that said 'defendant is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors.''

It will be noticed that the only statutory ground stated in the affidavit for the attachment is, that defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

In passing, it may be said that there are two defendants, and that the affidavit does not disclose that the two defendants are about to perpetrate this fraud, nor which of the two it is who is about to do so. However, probably this is not material. It may be assumed that the language is to be treated as though in the plural, charging the defendants with the fraudulent purpose.

If it be urged that because the statute allows an attachment under certain circumstances for necessaries, and that this affidavit states that this claim is for rent, that therefore it is to be assumed that it is for necessaries, it is sufficient to say that the fact that one is indebted for rent falls far short of showing that one is indebted for necessaries. Rent may be for a saloon, for a store, for a hotel, and for so many other things that would not be held to be necessaries that we cannot assume that one is indebted for necessaries simply because he is indebted for rent. The attachment having been allowed by the justice, a motion was made for its dissolution, which was in these words, after entitling the case :

''Now comes W. Cook, one of the defendants in the above action, and appearing for the purpose of this motion only, moves the court to dismiss the attachment granted in the above action for the following reasons, to wit : First, that the claim on which said attachment is based is not one for necessaries; second, that an unlawful joinder of parties defendant has been made in the above action.''

The defendant, Cook, filed an affidavit in support of this motion. With the evidence of these two affidavits before him, the justice overruled the motion, whereupon the defendants appealed from the decision of the justice upon this motion. Under favor of Lan. R. L. 10071 (R. S. 6494), the language of the section referring to this matter reads, speaking of the motion to dissolve the attachment:

''Which if overruled may be appealed by the defendant to the court of common pleas, if in session, or to a judge thereof in vacation, by giving notice to that effect to the justice of the peace, but no bond shall be required.

Hare v. Cook.

"Upon such notice of appeal being given, the justice of the peace shall forthwith transmit to the clerk of the court of common pleas all the original papers; and thereupon within three days from such notice of appeal, or upon such further time as may be for good cause allowed, said court or judge shall hear and determine said motion in the same manner as though it was originally brought in said court of common pleas, and upon the final hearing said court or judge shall forthwith transmit the judgment with said original papers to said justice of the peace, which judgment shall be entered upon the docket of said justice of the peace as the final determination of said motion."

The question of whether this statute authorizing an appeal by the defendant from the decision of the justice of the peace upon the motion when no appeal is allowed to the plaintiff in case the motion shall be decided against him, is constitutional, was suggested in this case. We have just determined that question in another case, holding that no provision of the constitution is violated by the statute. Nothing more on that subject need be said here.

Upon the hearing in the court of common pleas, the defendant Cook was permitted to introduce an affidavit in these words:

"W. Cook, the defendant in the above entitled action, being first duly sworn, deposes and says that he is not about to convert his property nor any part thereof into money for the purpose of placing it beyond the reach of his creditors."

To the introduction of this affidavit objection was made and overruled by the court, and exception is taken to this ruling. It will be noticed that nothing in this affidavit tends to support either of the claims made in the motion. Those claims, as already quoted, are:

"First, that the claim on which said attachment is based is not for necessaries; second, that an improper joinder of parties defendant has been made in the above action."

It was the decision made by the justice of the peace upon this motion that was appealed from. It was that motion which the court of common pleas was, because of the appeal, required to hear and determine. Evidence bearing upon that motion was admissible. No other evidence was admissible. Unless, therefore, it can be said that the motion to dissolve the attachment which was made before the justice is to be treated as a motion without specifying any ground, the court erred in admitting this affidavit. One of the provisions of Lan. R. L. 10071 (R. S. 6494) is that, "In any case the defendant may make a motion before the justice of the peace to dissolve the attachment."

Nothing is here said as to whether ground for such dissolution is

to be set out in the motion, but it is believed that such has been the universal practice, and that such grounds must be stated in the motion.

In Swan's Treatise (20 ed.) 442 and following, the nature of the dissolution of attachment by motion is treated of and the form of notice to be given to the plaintiff in such case is given on page 443, being form No. 198. This form of notice reads:

"In the case of attachment of A B against C D pending before G H, justice of the peace, I shall make a motion on the ————— day of —————, at 10 o'clock A. M., or as soon thereafter as I can be heard to discharge the attachment * * * and on the following grounds. (Here state the grounds.)"

The form of docket entry, being form No. 199, on page 445, has these words:

"I thereupon heard said motion and do find (here affirm or negative the grounds of the motion stated in the notice according to the proofs, etc.)."

In the case of *Remington* v. *Harrington,* 8 Ohio 507, 508, the first head note reads:

"In motions for a new trial, points not stated in the motion are not open for discussion in the court in bank."

On page 508 this language is used by Judge Wood in the opinion:

"Two questions arise in this case for decision: 1. Was the testimony offered by the plaintiff, objected to by the defendant, and admitted by the court, proper for the consideration of the jury? * * * The first point is not embraced in the motion, and to the points there made, the discussions of counsel, should, in ordinary cases, be confined, because they are the only notice to the opposite party of the questions to be raised, and constitute the substratum on which the opinion of the court rests."

In the case of *Everett* v. *Sumner,* 32 Ohio St. 562, the first paragraph of the syllabus reads:

"The findings of a court or of a jury, upon issue of fact, are not subject to review on proceedings in error, except where it appears from the record that a motion for a new trial was made on the ground that the verdict is against the evidence, and that such motion has been overruled."

While these cases are not directly in point, the reason for the ruling on a motion for a new trial applies with equal force to the motion under consideration here. The plaintiff had notice that a motion for the dissolution of the attachment would be heard upon the grounds stated in that motion. Proper care on his part would require of him

Hare v. Cook.[1]

to prepare to meet the grounds stated in the motion and would not require of him to be prepared to meet any other grounds.

In *Rogers* v. *Prushansky*, 13-23 O. C. C. 271, after an appeal had been taken to the court of common pleas upon the overruling of the motion to discharge an attachment, a new motion was filed setting out a ground for such dissolution other than was set out in the motion already on file, and the court held that such new motion could not be filed. On page 273, this language is used in the opinion:

"But clearly the court in this case had no authority to entertain the filing of a new motion, or consider anything but the motion filed before the justice of the peace, because at least this court has heretofore held, in another case, that this amended Sec. [Lan. 10071] 6494 Rev. Stat., was intended not to give jurisdiction by appeal to the court of common pleas of the entire case, but simply for the purpose of determining the motion for the discharge of the attachment, and having done so, to certify the case back to the justice of the peace."

The reasoning which would prevent a new motion from being filed in the court of common pleas because of the fact that it set up a new ground for the discharge of the attachment would apply equally to prevent the introduction of evidence upon the hearing of the motion already filed, which evidence did not tend to sustain the grounds set out in such motion.

We hold, therefore, that in permitting the introduction of the affidavit filed in the court of common pleas there was error to the prejudice of the plaintiff in error, and for that reason the judgment of the court of common pleas is reversed.

**Winch** and **Henry, JJ.,** concur.