## FORKAPA REALTY CO. v. BRANDT CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Nov. 1, 1927.

Syllabus by Editorial Staff.

1265. WEIGHT OF EVIDENCE—Only as a matter of law can reviewing court, in Ohio, reverse judgment on weight of evidence. Cannot be done because members of court, on submission of facts, might hold different view.

480. EVIDENCE—Question having been raised by plaintiff and, by sufference, court, having opened door at instance of plaintiff, will not close it until substance of evidence is before him.

Error to Municipal Court.
Judgment affirmed.

S. Y. Allen, Cleveland, for Realty Co.
Lester M. Zucker, Cleveland, for Brandt Co.

STATEMENT OF FACTS.
In the Municipal Court in the City of Cleveland the Brandt Company secured a judgment against the Forkapa Realty Co. on an account for goods sold and delivered.

OPINION OF COURT.
The following is taken, verbatim, from the opinion.
SULLIVAN, PJ.
It appears from the record that the essential question to be decided is whether the judg-

ment is clearly and manifesly against the weight of the testimony. In this respect the Court of Appeals is bound by certain rules and they are embodied in the form of authorities, some of which we cite as follows: Breese v. State, 12 OS., 146; Remington v. Harrington, 8 Ohio 507; Higgins v. Roche, 22 C. C. 112, 12 C. D. 220.

Thus it appears that it is only as a matter of law that a reviewing court can reverse the judgment of the court below on the weight of the evidence. It cannot be done because the members of the court, on the submission of the facts, might hold a different view than the court or jury below. The question is whether there is credible evidence in the record to support the judgment. The mere fact that the evidence is conflicting is immaterial, unless the conflict is such that, after a consideration of the entire record, it is apparent therefrom that the judgment shocks the senses or that a gross error has been committed by the tribunal below.

Adhering to these rules and authorities the judgment must necessarily be affirmed.

As to the third assignment, to-wit, that there was error in the admission of a paper marked for identification and known as Exhibit D and referring to a trusteeship, we hold that there was no prejudicial error for the reason that the court, as indicated by the record, allowed the introduction of this exhibit because the question had been raised by plaintiff in error and, by sufference, the court, having opened the door at the instance of plaintiff in error, did not close it until the substance of the evidence was before him. Holding thus, the judgment of the lower court is affirmed.

(Vickery and Levine, JJ., concur.)